UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

C.A. No.:

FILING FEE PAID:
RECEIPT #
AMOUNT $
BY DPTY CLK
DATE

| | |
|---|---|
| ALL CHECKS CASHED, INC.<br>Plaintiff, | COMPLAINT<br>AND JURY DEMAND |
| v. | 04-11495WGY |
| REGISCOPE DIGITAL IMAGING, LLC<br>Defendant | MAGISTRATE JUDGE_____ |

## NATURE OF ACTION

1.  This is a diversity action brought by All Checks Cashed, Inc. ("ACC") a Massachusetts corporation that operates a licensed check cashing service, against Regiscope Digital Imaging, LLC ("RDI"), a New Jersey limited liability company, for breach of contract, breach of warranty and negligence in failing to properly provide film, process the film and store the film, which failures contributed to the Plaintiff's loss of almost $100,000 in value of checks purchased by ACC.

## PARTIES

2.  The Plaintiff, ACC, is a Massachusetts corporation, with a usual place of business at 595 Washington Street, Dorchester, Suffolk County, Massachusetts. ACC is in the business of financial exchanges, including but not limited to purchasing negotiable instruments such as checks from individuals and businesses.

3.  The Defendant, RDI, is on information and belief a New Jersey limited liability company with a home office at 927 Stuyvesant Avenue, Union, New Jersey. RDI is in the business of providing security cameras and films to entities that accept or purchase checks in the course of their business.

**KENNETH I. GORDON**
*Attorney At Law*

63 Chatham Street
Boston, MA 02109
Phone: (617) 742-4602
Fax: (781) 280-0298
kgordon@socialaw.com



Also admitted in Maine

June 30, 2004

United States District Court
Office of Civil Clerk
One Courthouse Way
Boston, MA 02210

      RE: All Checks Cashed, Inc. v. Regiscope, LLC; Original Complaint

Dear Sir/Madam:

    Enclosed please find the original Complaint of All Checks Cashed, Inc., along with the filing fee and cover sheet.

                             Very truly yours,

                             Kenneth I. Gordon

KIG:enc.

## JURISDICTION and VENUE

4. This Court has subject matter jurisdiction to hear this matter pursuant to 28 U.S.C. § 1332 because the parties are citizens of different states and the amount in controversy exceeds the jurisdictional limit of $75,000. The Court has Personal Jurisdiction over the Defendant because the Defendant is engaged in business in Massachusetts.

5. This Court has venue to hear this action pursuant to 28 U.S.C. § 1391 et seq., on the basis that the Plaintiff is a resident of Massachusetts and the loss occurred in Massachusetts.

## FACTS

6. For many years, ACC relied on RDI to provide monitoring services to protect it in the case that checks were lost or stolen while in its possession. ACC purchased cameras from RDI and engaged in a contract by which RDI agreed to supply, develop, catalogue and store the film required and used by the camera.

7. RDI warranted that its equipment and services were fit for the purpose of providing photographic evidence of checks that were presented to ACC and cashed by it, so that in the case that ACC required proof of the existence and appearance of the checks, such proof would be available to it.

UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

1. TITLE OF CASE (NAME OF FIRST PARTY ON EACH SIDE ONLY) **Allchecks Cashed Inc v. Rxiscope LLC**

2. CATEGORY IN WHICH THE CASE BELONGS BASED UPON THE NUMBERED NATURE OF SUIT CODE LISTED ON THE CIVIL COVER SHEET. (SEE LOCAL RULE 40.1(A)(1)).

   ___ I.   160, 410, 470, R.23, REGARDLESS OF NATURE OF SUIT.

   ___ II.  195, 368, 400, 440, 441-444, 540, 550, 555, 625, 710, 720, 730, 740, 790, 791, 820*, 830*, 840*, 850, 890, 892-894, 895, 950.   *Also complete AO 120 or AO 121 for patent, trademark or copyright cases

   ✗ III. 110, 120, 130, 140, 151, 190, 210, 230, 240, 245, 290, 310, 315, 320, 330, 340, 345, 350, 355, 360, 362, 365, 370, 371, 380, 385, 450, 891.

   ___ IV.  220, 422, 423, 430, 460, 510, 530, 610, 620, 630, 640, 650, 660, 690, 810, 861-865, 870, 871, 875, 900.

   ___ V.   150, 152, 153.

3. TITLE AND NUMBER, IF ANY, OF RELATED CASES. (SEE LOCAL RULE 40.1(G)). IF MORE THAN ONE PRIOR RELATED CASE HAS BEEN FILED IN THIS DISTRICT PLEASE INDICATE THE TITLE AND NUMBER OF THE FIRST FILED CASE IN THIS COURT.

4. HAS A PRIOR ACTION BETWEEN THE SAME PARTIES AND BASED ON THE SAME CLAIM EVER BEEN FILED IN THIS COURT?
   YES     NO

5. DOES THE COMPLAINT IN THIS CASE QUESTION THE CONSTITUTIONALITY OF AN ACT OF CONGRESS AFFECTING THE PUBLIC INTEREST?   (SEE 28 USC §2403)
   YES     NO

   IF SO, IS THE U.S.A. OR AN OFFICER, AGENT OR EMPLOYEE OF THE U.S. A PARTY?
   YES     NO

6. IS THIS CASE REQUIRED TO BE HEARD AND DETERMINED BY A DISTRICT COURT OF THREE JUDGES PURSUANT TO TITLE 28 USC §2284?
   YES     NO

7. DO ALL OF THE PARTIES IN THIS ACTION, EXCLUDING GOVERNMENTAL AGENCIES OF THE UNITED STATES AND THE COMMONWEALTH OF MASSACHUSETTS ("GOVERNMENTAL AGENCIES"), RESIDING IN MASSACHUSETTS RESIDE IN THE SAME DIVISION? - (SEE LOCAL RULE 40.1(D)).
   (YES)     NO

   A. IF YES, IN WHICH DIVISION DO ALL OF THE NON-GOVERNMENTAL PARTIES RESIDE?
      (EASTERN DIVISION)     CENTRAL DIVISION     WESTERN DIVISION

   B. IF NO, IN WHICH DIVISION DO THE MAJORITY OF THE PLAINTIFFS OR THE ONLY PARTIES, EXCLUDING GOVERNMENTAL AGENCIES, RESIDING IN MASSACHUSETTS RESIDE?
      EASTERN DIVISION     CENTRAL DIVISION     WESTERN DIVISION

(PLEASE TYPE OR PRINT)
ATTORNEY'S NAME  **Kenneth Gordon**
ADDRESS  **63 Chapman St**
         **Boston MA 02109**
TELEPHONE NO.

(Cover sheet local.wpd - 11/27/00)

8. ACC retained RDI for these purposes and provided valuable consideration. As RDI was aware, the reason ACC retained RDI was to obtain documentary proof of the existence of checks it accepted, to use as proof of the checks in the event they were lost, stolen, or otherwise unavailable to ACC before they were deposited with ACC's bank.

9. On February 20, 2003 several checks that were purchased by ACC were lost or otherwise unavailable before they were presented for deposit with ACC's bank. ACC was informed by the bank that it would be given credit for the funds represented by the checks, if it could provide proof of the checks, in the form of a photograph of the checks.

10. ACC immediately contacted RDI and requested copies of checks that were accepted on that day. In response to that request ACC was told:

    (a)    that RDI had not been developing the film sent to RDI by ACC for several years, and as a consequence could not have known whether the images of the checks were captured on film;
    (b)    that Regiscope had been supplying ACC with incompatible film for the cameras it provided; and
    (c)    that as a consequence of the improper film and failure of RDI to provide development services, RDI did not possess photographs of the checks that were lost and none could be provided to ACC.

11. After learning the events described in Paragraph 10 above, ACC was also told by DRI that what film could be developed had been underexposed because it was the incorrect film for ACC's cameras, and that was overdeveloped by RDI. Had Regiscope

JS 44
(Rev. 12/96)

# CIVIL COVER SHEET

The JS-44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. (SEE INSTRUCTIONS ON THE REVERSE OF THE FORM.)

**I. (a) PLAINTIFFS**
All Checks Cashed
595 Washington St
Boston MA

**DEFENDANTS**
Regiscope LLC
New Jersey

**(b) COUNTY OF RESIDENCE OF FIRST LISTED PLAINTIFF** Suffolk
(EXCEPT IN U.S. PLAINTIFF CASES)

COUNTY OF RESIDENCE OF FIRST LISTED DEFENDANT: _____
(IN U.S. PLAINTIFF CASES ONLY)
NOTE: IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE TRACT OF LAND INVOLVED.

**(c) ATTORNEYS (FIRM NAME, ADDRESS, AND TELEPHONE NUMBER)**
Kenneth Gordon
63 Chapman St
Boston MA 02109

**ATTORNEYS (IF KNOWN)**
04-11495 WGY

**II. BASIS OF JURISDICTION** (PLACE AN "X" IN ONE BOX ONLY)
- ☐ 1 U.S. Government Plaintiff
- ☐ 2 U.S. Government Defendant
- ☐ 3 Federal Question (U.S. Government Not a Party)
- ☒ 4 Diversity (Indicate Citizenship of Parties in Item III)

**III. CITIZENSHIP OF PRINCIPAL PARTIES** (PLACE AN "X" IN ONE BOX FOR PLAINTIFF AND ONE BOX FOR DEFENDANT) (For Diversity Cases Only)

|  | PTF | DEF |  | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☒ 1 | ☐ 1 | Incorporated or Principal Place of Business in This State | ☒ 4 | ☐ 4 |
| Citizen of Another State | ☐ 2 | ☒ 2 | Incorporated and Principal Place of Business in Another State | ☐ 5 | ☒ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

**IV. ORIGIN** (PLACE AN "X" IN ONE BOX ONLY)
- ☒ 1 Original Proceeding
- ☐ 2 Removed from State Court
- ☐ 3 Remanded from Appellate Court
- ☐ 4 Reinstated or Reopened
- ☐ 5 Transferred from another district (specify)
- ☐ 6 Multidistrict Litigation
- ☐ 7 Appeal to District Judge from Magistrate Judgment

**V. NATURE OF SUIT** (PLACE AN "X" IN ONE BOX ONLY)

| CONTRACT | TORTS | FORFEITURE/PENALTY | BANKRUPTCY | OTHER STATUTES |
|---|---|---|---|---|
| ☐ 110 Insurance | **PERSONAL INJURY** / **PERSONAL INJURY** | ☐ 610 Agriculture | ☐ 422 Appeal 28 USC 158 | ☐ 400 State Reapportionment |
| ☐ 120 Marine | ☐ 310 Airplane / ☐ 362 Personal Injury—Med. Malpractice | ☐ 620 Other Food & Drug | ☐ 423 Withdrawal 28 USC 157 | ☐ 410 Antitrust |
| ☐ 130 Miller Act | ☐ 315 Airplane Product Liability / ☐ 365 Personal Injury—Product Liability | ☐ 625 Drug Related Seizure of Property 21 USC 881 | | ☐ 430 Banks and Banking |
| ☐ 140 Negotiable Instrument | ☐ 320 Assault, Libel & Slander / ☐ 368 Asbestos Personal Injury Product Liability | ☐ 630 Liquor Laws | **PROPERTY RIGHTS** | ☐ 450 Commerce/ICC Rates/etc. |
| ☐ 150 Recovery of Overpayment & Enforcement of Judgment | ☐ 330 Federal Employers' Liability | ☐ 640 R.R. & Truck | ☐ 820 Copyrights | ☐ 460 Deportation |
| ☐ 151 Medicare Act | | ☐ 650 Airline Regs. | ☐ 830 Patent | ☐ 470 Racketeer Influenced and Corrupt Organizations |
| ☐ 152 Recovery of Defaulted Student Loans (Excl. Veterans) | **PERSONAL PROPERTY** | ☐ 660 Occupational Safety/Health | ☐ 840 Trademark | ☐ 810 Selective Service |
| | ☐ 340 Marine / ☐ 370 Other Fraud | ☐ 690 Other | | ☐ 850 Securities/Commodities/Exchange |
| ☐ 153 Recovery of Overpayment of Veteran's Benefits | ☐ 345 Marine Product Liability / ☐ 371 Truth in Lending | **LABOR** | **SOCIAL SECURITY** | ☐ 875 Customer Challenge 12 USC 3410 |
| ☐ 160 Stockholders' Suits | ☐ 350 Motor Vehicle / ☐ 380 Other Personal Property Damage | ☐ 710 Fair Labor Standards Act | ☐ 861 HIA (1395ff) | ☐ 891 Agricultural Acts |
| ☒ 190 Other Contract | ☐ 355 Motor Vehicle Product Liability / ☐ 385 Property Damage Product Liability | ☐ 720 Labor/Mgmt. Relations | ☐ 862 Black Lung (923) | ☐ 892 Economic Stabilization Act |
| ☐ 195 Contract Product Liability | ☐ 360 Other Personal Injury | | ☐ 863 DIWC/DIWW (405(g)) | ☐ 893 Environmental Matters |
| | | | ☐ 864 SSID Title XVI | ☐ 894 Energy Allocation Act |
| **REAL PROPERTY** | **CIVIL RIGHTS** | **PRISONER PETITIONS** | ☐ 865 RSI (405(g)) | ☐ 895 Freedom of Information Act |
| ☐ 210 Land Condemnation | ☐ 441 Voting | ☐ 510 Motions to Vacate Sentence | | ☐ 900 Appeal of Fee Determination Under Equal Access to Justice |
| ☐ 220 Foreclosure | ☐ 442 Employment | **HABEAS CORPUS:** | ☐ 740 Railway Labor Act | ☐ 950 Constitutionality of State Statutes |
| ☐ 230 Rent Lease & Ejectment | ☐ 443 Housing/Accommodations | ☐ 530 General | **FEDERAL TAX SUITS** | ☐ 890 Other Statutory Actions |
| ☐ 240 Torts to Land | ☐ 444 Welfare | ☐ 535 Death Penalty | ☐ 790 Other Labor Litigation | |
| ☐ 245 Tort Product Liability | ☐ 440 Other Civil Rights | ☐ 540 Mandamus & Other | ☐ 870 Taxes (U.S. Plaintiff or Defendant) | |
| ☐ 290 All Other Real Property | | ☐ 550 Civil Rights | ☐ 791 Empl. Ret. Inc. Security Act | ☐ 871 IRS—Third Party 26 USC 7609 |
| | | ☐ 555 Prison Condition | | |

**VI. CAUSE OF ACTION** (CITE THE U.S. CIVIL STATUTE UNDER WHICH YOU ARE FILING AND WRITE BRIEF STATEMENT OF CAUSE. DO NOT CITE JURISDICTIONAL STATUTES UNLESS DIVERSITY.)

Breach of Contract, Negligence + Brch. of Warranty for Failure to process security film

**VII. REQUESTED IN COMPLAINT:**
☐ CHECK IF THIS IS A CLASS ACTION UNDER F.R.C.P. 23
DEMAND $ 97,093.85
CHECK YES only if demanded in complaint:
JURY DEMAND: ☒ YES ☐ NO

**VIII. RELATED CASE(S) IF ANY** (See instructions): JUDGE _____ DOCKET NUMBER _____

DATE 7/1/04

SIGNATURE OF ATTORNEY OF RECORD

**FOR OFFICE USE ONLY**
RECEIPT # _____ AMOUNT _____ APPLYING IFP _____ JUDGE _____ MAG. JUDGE _____

been processing the film concurrent with its receipt, as it was contractually obligated to do, it would have discovered the error before any loss by ACC had occurred.

12. As a direct and proximate cause of the unavailability of images of the checks in question, ACC has determined its loss to be $97,073.85. It has reached that determination by comparing register receipts to remaining checks during the day in question. The loss represents the discrepancy between those figures.

13. ACC attempted to mitigate its damage by researching any other possible avenues for evidence of any checks that could be identified and repaid. Despite this established loss, mitigation of the claim and willingness to work with RDI and its insured toward an efficient resolution of this matter, ACC was presented on November 5, 2003 with a general denial of liability by RDI's insurance carrier.

## COUNT I
## BREACH OF CONTRACT

14. The Plaintiff repeats and incorporates by reference the allegations of Paragraphs 1-13 of the Complaint as if set forth herein.

15. The Plaintiff and Defendant entered a contract by which ACC would pay RDI a fee and in return RDI would supply ACC with proper film for the camera provided by RDI, and that RDI would develop the film and then catalogue and store the developed film.

16. RDI breached its contract with ACC by failing to provide the proper film, and by failing to develop the film on a timely basis.

17  The breach of contract caused harm to the Plaintiff, when checks it had purchased were lost, stolen or otherwise unavailable to be presented to its bank for

## JURY DEMAND

The Plaintiff requests a jury trial on all Counts on which it is entitled to a jury.

Respectfully submitted,

All Checks Cashed, Inc.

By its attorneys,

Kenneth I. Gordon
63 Chatham Street, Third Floor
Boston, Massachusetts 02109
(617) 742-4602

payment, and images RDI should have catalogued were not available as proof that could have enabled ACC to be paid for the checks.

18. The loss suffered by ACC was foreseeable, and amounted to $97,073.85. The loss also includes payment by ACC for services that were never provided, which payments ACC will demonstrate at trial.

WHEREFORE, the Plaintiff prays this Court enter judgment in favor of the Plaintiff and against the Defendant for Breach of Contract in the amount of $97,073.85, plus payments it made to the Defendant for services it did not receive, together with interest and the costs of this litigation.

## COUNT II
## BREACH OF WARRANTY

19. The Plaintiff repeats the allegations of Paragraphs 1 through 13, and 15-18 as if specifically set forth herein.

20. In engaging in a contract with ACC to supply ACC with a camera, film for that camera and development, storage and cataloging services, RDI provided an express warranty, an implied warranty of merchantability and/or a warranty of fitness for a particular purpose.

21. RDI breached its express or implied warranties, or both, when it failed to deliver to ACC the proper film for its camera or to promptly develop and catalogue the film so that it could be used by ACC for proof of the existence and appearance of the checks.

22. RDI's breach of warranty to provide proper film and promptly develop and catalogue the film was the proximate and direct cause of ACC's loss in the amount of $97,073.85.

WHEREFORE, the Plaintiff prays this Court award judgment in favor of ACC and against RDI for Breach of Warranty in the amount of $97,073.85, plus interest from the date of the filing of this Complaint, and the costs of this litigation.

## COUNT III
## NEGLIGENCE

23. The Plaintiff repeats the allegations of Paragraphs 1-13, 15-18 and 20-22 as if specifically set forth herein.

24. RDI owed ACC a duty to use reasonable care in the provision and development of film and development services.

25. RDI fell below the standard of care of a reasonable provider of such material and service in like circumstances when it failed to take steps to promptly develop film supplied to ACC and then returned to it for development, which, if such steps had been taken, would have revealed that the film was inadequate for ACC's particular purpose and would have prevented loss if discovered timely.

25. ACC suffered foreseeable harm when it lost $97,073.85, when checks purchased by ACC were lost, stolen or otherwise unavailable to ACC for deposit with its bank, and ACC had no photographic evidence of the check, the very harm RDI was retained to prevent.

26. Had photographic evidence of the checks been presented for payment, such presentment would be honored and paid as if ACC possessed the checks themselves. In the absence of the photographic evidence, ACC lost the entire value of the checks.

WHEREFORE, the Plaintiff prays this Court award ACC damages for RDI's negligence in the amount of $97,073.85, plus interest from the date of the filing of this Complaint, and the costs of this litigation.